IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMIE A. WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-893-F |
| ) | |
| FORREST PERRY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jimmie Wheeler, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 1).[1] United States District Judge Stephen Friot referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court: (1) dismiss, with prejudice, any claim against the Norman Police Department and claims against Defendant Perry for battery, intentional infliction of emotional distress, and excessive force; (2) dismiss, without prejudice, Plaintiff's claims against the City of Norman; and (3) conclude that Plaintiff has stated a valid claim against Defendant Perry, in both his individual capacity and his official capacity, for a violation of Equal Protection.

---

[1] Plaintiff has also cited 28 U.S.C. § 1331(a) and 42 U.S.C. § 1981 as jurisdictional bases for this action. *See* ECF No. 1:3. Section 1331 invokes federal jurisdiction based on Plaintiff's allegations of constitutional violations and Section 1981 is a general recitation of Plaintiff's equal rights under the laws of the United States. *See* 28 U.S.C. § 1331(a) and 42 U.S.C. § 1981.

## I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee and each case in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## II. STANDARD OF REVIEW

The Court must accept Mr. Wheeler's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Wheeler is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and citations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

### III. PLAINTIFF'S COMPLAINT/ALLEGATIONS

On August 9, 2014, City of Norman Police Officer Defendant Forrest Perry shot Plaintiff. (ECF No. 1:7, 8). The shooting occurred after officers had conducted a traffic

stop of Mr. Wheeler who had fled from the scene of a robbery. (ECF No. 1-1:2). According to Mr. Wheeler, Officer Perry shot Plaintiff using excessive force and "without justification or provocation [or] just cause." (ECF No. 1:7, 8). Mr. Wheeler is suing Officer Perry, the City of Norman, and the Norman Police Department. (ECF No. 1:1, 7, 8, 10, 11).[2] Against Defendant Perry and the Norman Police Department, Plaintiff alleges liability for:

- Excessive force in the shooting,

- Battery in violation of the 4th, 5th, 6th, 8th, and 14th Amendments,

- Intentional Infliction of Emotional Distress in violation of the 4th, 5th, 8th, and 14th Amendments, and

- Violation of his Equal Protection rights, alleging that he was shot because of his race.

(ECF Nos. 1:7-8, 10-11; 7-1, 7-2, 7-3, 7-4).

Against the City of Norman, Plaintiff seeks liability under a theory that the City had failed to properly train City police officers. (ECF No. 1:1, 5). Plaintiff sues all three Defendants in both their individual and official capacities and seeks monetary damages. (ECF No. 1:5, 8-11).

## IV. PRIOR PROCEEDINGS

In this Court, Plaintiff previously filed a lawsuit against the current Defendants, stemming from the same set of circumstances which concern the current Complaint.

---

[2] In the style of the Complaint, Mr. Wheeler names "City of Norman, Municipality." (ECF No. 1:1). In the body of the Complaint, Mr. Wheeler names only two defendants, but as "Defendant No. 2" he names "Norman Police Dept./Municipality." (ECF No. 1:5). Elsewhere in the Complaint, Plaintiff asserts claims against "Norman Police Dept." and "Norman Police Department (Municipality)" and "Forrest Perry a police officer in the employ of the City of Norman, Oklahoma" (ECF Nos. 1:7, 8, 10, 11; 7-1, 7-2, 7-3, 7-4).

*See* ECF No. 1, *Wheeler v. Perry, et al.*, Case No. CIV-15-198-F. In that case, Magistrate Judge Gary Purcell recommended: (1) dismissal, with prejudice, for any claim against the Norman Police Department because it was not a suable entity under 42 U.S.C. § 1983, (2) dismissal of all claims against the City of Norman for failure to allege that the municipality had acted with deliberate indifference or created a policy or custom which caused the alleged constitutional deprivations, (3) summary judgment under a theory of qualified immunity to Defendant Perry on the excessive force claim, and (4) dismissal, without prejudice, of Plaintiff's Equal Protection claim against Defendant Perry for Plaintiff's failure to allege that he had been treated differently than other similarly situated suspects. (ECF Nos. 27 & 46, *Wheeler v. Perry, et al.*, Case No. CIV-15-198-F). District Judge Friot adopted these recommendations and entered judgment accordingly. (ECF Nos. 41, 48, 49, 51, 52, *Wheeler v. Perry, et al.*, Case No. CIV-15-198-F).

## V. RES JUDICATA

In the current Complaint, Mr. Wheeler alleges liability against:

- the Norman Police Department for battery, intentional infliction of emotional distress, excessive force, and a violation of his Equal Protection rights and

- Defendant Perry for battery, intentional infliction of emotional distress, excessive force.[3]

(ECF No. 1:7-8, 10-11). Previously, however, the Court ruled:

- any claim against the Norman Police Department should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Norman Police Department is not a suable entity and

---

[3] Mr. Wheeler has also alleged that Defendant Perry violated his Equal Protection rights. (ECF No. 1: 11). This allegation will be addressed separately.

- Defendant Perry was entitled to summary judgment on Plaintiff's prior allegations of excessive force under a theory of qualified immunity.

See ECF Nos. 27, 41, 48, 52, *Wheeler v. Perry*, et al., Case No. CIV-15-198-F. The Court's prior rulings bar Mr. Wheeler's current claims against the Norman Police Department and against Defendant Perry for battery, intentional infliction of emotional distress, and excessive force.

The doctrine of res judicata, or claim preclusion, "prevent[s] a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005). *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). In this circuit, "claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *MACTEC, Inc.,* 427 F.3d at 831. All three elements are met in the instant case.

First, the Court's prior judgments dismissing the claims against the Norman Police Department with prejudice and granting summary judgment to Defendant Perry on the excessive force claim clearly constituted judgments on the merits. *See Slocum v. Corp. Express U.S. Inc.,* F. App'x. 957, 960 (10th Cir. 2011) (a Rule 12(b)(6) dismissal constitutes an adjudication on the merits); *Wanjiku v. Johnson Cty.*, No. 15-CV-02658-DDC-TJJ, 2016 WL 1255621, at *4 (D. Kan. Mar. 29, 2016) (court's dismissal of action against a police department because it was not a suable entity was an adjudication on the merits for purposes of res judicata); *Anglemyer v. Hamilton Cty. Hosp.*, 941 F.

6

Supp. 976, 979 (D. Kan. 1996) (summary judgment is considered "a final disposition on the merits").

Second, the parties in the present case are identical to those named in Plaintiff's 2015 Complaint. *Compare* ECF No. 1 *with* ECF No. 1, *Wheeler v. Perry, et al.*, Case No. CIV-15-198-F.

To satisfy the third element of res judicata, the plaintiff must base the current lawsuit on the same cause of action asserted in the prior lawsuit. The Tenth Circuit "embraces the transactional approach to the definition of 'cause of action.'" *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Id.*

In the instant case, all of the claims in Plaintiff's 2015 Complaint and the current Complaint arose from the same transaction--the August 9, 2014 shooting. *Compare* ECF No. 1 *with* ECF No. 1, *Wheeler v. Perry, et al.*, Case No. CIV-15-198-F. In the prior lawsuit, Mr. Wheeler did not specifically raise claims for intentional infliction of emotional distress and battery based on the shooting. *See* ECF No. 1, *Wheeler v. Perry, et al.*, Case No. CIV-15-198-F. However, claim preclusion "prevent[s] a party from relitigating a legal claim that was *or could have been* the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005) (emphasis added). Thus, under the Tenth Circuit's "transactional approach," the Court should conclude that the third element of the res judicata analysis is satisfied because the claims against the Norman Police Department and the claims against Defendant

Perry for excessive force, intentional infliction of emotional distress, and battery are based on the same underlying events.

Because the three elements have been met, the Court should conclude that the doctrine of res judicata bars: (1) any claim against the Norman Police Department and (2) the claims against Defendant Perry for excessive force, intentional infliction of emotional distress, and battery.

## VI.   CLAIMS AGAINST THE CITY OF NORMAN

In the style of the Complaint, Plaintiff names the "City of Norman/Municipality"/for their Negligent Training of Police Officers." (ECF No. 1:1). And as Defendant No. 2, Mr. Wheeler names "Norman Police Dept./Municipality Acted Outside of its jurisdiction inadequate training of its officers/recurring events." (ECF No. 1:5). Previously, the Court had dismissed, without prejudice, claims against the City of Norman because Plaintiff had failed to allege the existence of any municipal policy or custom that had caused the alleged constitutional deprivations. *See* ECF Nos 48, 52, *Wheeler v. Perry, et al.*, Case No. CIV-15-198-F. The current Complaint suffers from the same pleading deficiency.

A municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694-695 (1978). A municipality will not be held liable under a theory of *respondeat superior* or vicarious liability. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." *Id.* (internal citations omitted). A municipality's failure to train its employees can be

properly thought of as a city "policy or custom" that is actionable under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id. at 389.*

Although a "pattern of similar constitutional violations" by untrained employees is ordinarily necessary to demonstrate deliberate indifference by a municipality for failure to train, the Supreme Court has suggested that "in a narrow range of circumstances," a pattern of similar violations might not be necessary. *Connick v. Thompson*, 563 U.S. 51, 63 (2011). Under the "single-incident" exception, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997), *Canton,* at 390, n. 10. "In the case where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued." *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir. 1996).

Here, Plaintiff has alleged liability against the City of Norman for failing to properly train police officers employed by the Norman Police Department. But Mr. Wheeler's allegations are limited to "negligent training" and "inadequate training of its officers/recurring events." (ECF No. 1:1, 5). As stated, liability can only attach against a municipality for a failure to train if the municipality acted with deliberate indifference. *Canton*, at 389. Thus, any allegations based on negligence should be dismissed.

*Holmstrom v. Bd. of Cty. Commissioners for Cty. of Chaves*, ___ F.Supp.3d ___, ___, 2016 WL 3396934, at *11 (D.N.M. Mar. 28, 2016) (dismissing plaintiff's § 1983 claims against municipality which were based on allegations of negligence).

The undersigned liberally construes Mr. Wheeler's allegations of "inadequate training of its officers/recurring events" to invoke the "single incident exception" where deliberate indifference may be shown absent a pattern of unconstitutional behavior if a violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a municipality's action or inaction. But under this theory, Mr. Wheeler fares no better. His Complaint does not include any specific factual allegations suggesting that the City of Norman had enacted such deficient policies with respect to police officer training that a constitutional violation would be patently obvious. Mr. Wheeler simply states "inadequate training of its officers/recurring events." (ECF No. 1:5). But Mr. Wheeler does not allege any specific policy deficiency or otherwise allege that the City of Norman was the "moving force" behind the shooting. See *Becker v. Bateman*, 709 F.3d 1019, 1025 (10th Cir. 2013) (To succeed in a § 1983 claim against a municipality, a plaintiff must show that the municipal policy or custom was "the moving force behind the constitutional deprivation."). Plaintiff's statements are simply conclusory without any supporting facts and the Court need not accept plaintiff's vague allegations as true. As a result, the Court should dismiss any claims against the City of Norman, without prejudice, for failure to state a claim upon which relief may be granted. *See Hedrick v. Craig Gen. Hosp.*, No. 08-CV-0629-CVE-TLW, 2009 WL 1097926, at *4 (N.D. Okla. Apr. 23, 2009) (dismissing plaintiff's claims seeking municipal liability based an alleged

failure to properly train because plaintiff's complaint was conclusory, without supporting facts, and did not support an inference of deliberate indifference).

## VII. CLAIM AGAINST DEFENDANT PERRY

The remaining claim alleges liability against Defendant Perry for a violation of Plaintiff's Equal Protection Rights. (ECF No. 1:11; 7-4). Previously, the Court had dismissed Plaintiff's Equal Protection claim without prejudice because Mr. Wheeler had failed to allege that he had been treated differently than other similarly situated criminal suspects. *See* ECF Nos. 46, 48, 52. The Court should conclude that Plaintiff has now met this threshold showing.

"To assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). In addition, "with any equal protection claim, [the plaintiff] must also demonstrate that he was treated differently than another who is similarly situated." *Bartell v. Aurora Pub. Schools*, 263 F.3d 1143, 1149 (10th Cir. 2001). Here, Mr. Wheeler has alleged that he was "denied equal protection of the law under the 14 Amendment to the U.S. Const. while being treated differently by Defendants in a traffic stop simply because of his race, resulting in life threatening bodily injury." (ECF No. 1:11). These allegations are sufficient to state a claim for a violation of Equal Protection.

## VIII. SUMMARY OF RECOMMENDATIONS AND NOTICE OF RIGHT TO OBJECT

The Court should: (1) dismiss, with prejudice, any claim against the Norman Police Department and claims against Defendant Perry for battery, intentional infliction of emotional distress, excessive force on the basis of res judicata; (2) dismiss, without

prejudice, Plaintiff's claims against the City of Norman for failure to state a claim, and (3) conclude that Plaintiff has stated a valid claim against Defendant Perry, in both his individual capacity and his official capacity, for a violation of Equal Protection.

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **October 28, 2016.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IX.  STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on October 11, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE